COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                SUPREME JUDICIAL COURT
                                           FOR SUFFOLK COUNTY
                                           NO:  BD-2024-123

IN RE: David Glenn Baker

MEMORANDUM OF DECISION AND
ORDER OF TERM SUSPENSION

This matter came before the Court, Kafker, J., on an
Information and Record of Proceedings pursuant to S.J.C. Rule
4:01, § 8(6), with the Recommendation and Vote of the Board of
Bar Overseers ("board") filed by the Board on November 6, 2024.
Upon consideration, I conclude that the board's findings are
supported and establish the misconduct alleged, and that the
board's recommended sanction of a three-year suspension is
appropriate.

Background.  The board adopted the hearing committee's
findings of fact in full.  The respondent's misconduct arises in
connection with three separate representations.

In the first, he represented a client in a chapter 11
bankruptcy proceeding.  In the course of the representation the
respondent was twice sanctioned by the bankruptcy court for
"flagrantly" mispresenting the law:  on one issue he cited cases

that, in the court's words, "[stood] for the exact opposite of what [the respondent] claims," and on another he egregiously misquoted a key statutory definition by "omitting most of the words in the definition."  The court ordered the respondent to complete a three-credit legal ethics course; although the respondent enrolled in such a course he never completed it.

In the second matter, also a bankruptcy, the respondent neglected to respond to discovery, resulting in a ruling that any objections were waived.  After a motion to compel, he failed to produce documents as ordered.  Finding no credible reason for the respondent's failures, and that such failures prejudiced his client, the bankruptcy judge imposed sanctions of nearly $10,000 to be paid personally by the respondent, and also defaulted the respondent's client, exempting a $91,673.45 debt from discharge.

Finally, the respondent represented a mother and daughter in several matters connected to a bankruptcy, foreclosure, and eviction.  During the course of these proceedings he:  (1) made false statements regarding his compensation in disclosures filed with the court; (2) retained as compensation thousands of dollars from a settlement, well beyond his disclosed fee; (3) failed to notify the mother of a $34,735.40 check he received -- sale proceeds from her mother's estate -- while simultaneously filing an interpleader action in the Probate Court seeking additional compensation out of that estate; (4) represented the

mother without a written retainer agreement in place; and (5) filed several papers in the Probate Court misidentifying himself, under oath, as the mother's attorney or the fiduciary of the estate, when his representation had concluded by that time.

Prior proceedings. Bar counsel filed a three-count petition for discipline on April 14, 2022. After two days of evidentiary hearings, the hearing committee issued a report finding that the respondent had violated numerous Rules of Professional Conduct.[1] It rejected the respondent's argued factors in mitigation and recognized a number of factors in aggravation: the respondent's experience as a lawyer, the violation of multiple rules of professional conduct, prior discipline, lack of insight into his own misconduct, lack of candor toward the committee, harm caused by his misconduct, and greed. The committee recommended a three-year suspension from

---

[1] Specifically, in connection with the first bankruptcy matter, the committee found that the respondent violated Rule 3.1 (frivolous argument), Rule 3.3(a)(1) (misrepresentation to court), Rule 3.4(c) (failure to obey court order), Rule 8.4(d) (conduct prejudicial to the administration of justice), and 8.4(h) (other conduct adversely reflecting on fitness to practice).

In connection with the second bankruptcy matter and discovery sanctions, the committee found nearly identical violations of Rule 3.3(a)(1), Rule 3.4(c), Rule 8.4(d), and Rule 8.4(h), as well as a violation of Rule 3.4(d) (failure to comply with discovery requests).

In connection with the respondent's representation of the mother and daughter, the committee found that his conduct violated Rule 1.3 (lack of reasonable diligence), Rule 1.15(c) (promptly notify and distribute trust funds), Rule 1.5(b)(1) (failure to provide a written retainer agreement); Rule 1.7(b) (concurrent conflict of interest; although the committee downplayed this as a "technical" violation), as well as further violations of Rules 3.3(a)(1), 8.4(d), and 8.4(h).

the practice of law.  The board subsequently adopted the committee's findings, conclusions, and recommended sanction, and filed an information in this court requesting a three-year suspension.

On November 11, 2024, an Order of Notice issued and was served on the respondent in the manner specified under S.J.C. Rule 4:01, § 21, directing him to appear before this court on December 19, 2024.  A motion to continue and reschedule the hearing was filed by the respondent on December 12, 2024, which was allowed by this court, and the hearing was held on January 7, 2025.

Discussion.  The respondent argues that several of the facts found by committee and adopted by the board were incorrect and unsupported.  See Matter of Zankowski, 487 Mass. 140, 144 (2021) (findings must be "supported by substantial evidence"), quoting S.J.C. Rule 4:01, § 8 (6).  First, the respondent contends that the board erroneously found that he did not take the ethics course, as ordered by the bankruptcy judge, because he completed it in part before withdrawing for medical reasons. However, the committee's finding (as adopted by the board) was that he failed to complete the course, a fact that he does not contest and that is supported by the record.  Second, he challenges the findings that he committed various misconduct knowingly.  These findings were supported by the record,

4

however, and to the extent that the committee did not credit his own testimony to the contrary, "[t]he hearing committee . . . is the sole judge of credibility."  <u>Matter of Diviacchi</u>, 475 Mass. 1013, 1018-1019 (2016), quoting <u>Matter of McBride</u>, 449 Mass. 154, 161-162 (2007).

The respondent's remaining principal argument before me is that the three-year suspension sought by the board is inappropriate, and that he deserves at most a public reprimand.[2] When determining the appropriate discipline, the single justice considers the sanctions that have been imposed in comparable cases.  See <u>Matter of Finn</u>, 433 Mass. 418, 423 (2001).  The sanction imposed should not be "markedly disparate" from sanctions imposed on other attorneys for similar misconduct, though it is "not necessary" to "find perfectly analogous cases."  <u>Matter of Foster</u>, 492 Mass. 724, 746 (2023).  Moreover, in determining the appropriate sanction in a particular case, "the board's recommendation is entitled to substantial

---

[2] The respondent's filing in this court also states that he incorporates by reference all of his prior arguments before the board and hearing committee.  To the extent that I do not explicitly address such arguments, it does not mean they have not been considered, but that I do not find them grounds for granting relief.  See <u>Commonwealth</u> v. <u>Domanski</u>, 332 Mass. 66, 78 (1954).

In addition, the respondent asserts that bar counsel had an impermissible conflict of interest, in that she previously worked at a law firm at the same time as a coworker who went on to be the judge in one of the underlying bankruptcy matters.  The respondent raised this issue with bar counsel, but not before the committee or board, and therefore it is waived.  See <u>Matter of Foster</u>, 492 Mass. 724, 760 n.16 (2023).

deference." <u>Matter of Tobin</u>, 417 Mass. 81, 88 (1994).

In arguing for a lesser sanction, the respondent relies heavily on <u>Matter of Foley</u>, 439 Mass. 324, 333 (2003), arguing that the misconduct there, which resulted in a three-year suspension, was more severe than in his case.  What this argument misses is the multiplicity of the respondent's misconduct:  he committed numerous Rules violations, some quite serious, across multiple matters over the course of years.

"As an officer of the court, an attorney is a key component of a system of justice, and is bound to uphold the integrity of that system by being truthful to the court and opposing counsel." <u>Matter of Neitlich</u>, 413 Mass. 416, 423 (1992) (quotation and citation omitted).  A single instance of lying to a tribunal under oath in violation of Rule 3.3 -- as the respondent did here in falsely claiming that he represented the mother and that he was a fiduciary in the Probate Court -- carries a presumptive sanction of a two-year suspension.  See <u>Matter of Sousa</u>, 25 Mass. Att'y Disc. R. 557, 566 (2009).  See also <u>Matter of Bailey</u>, 439 Mass. 134, 151 (2003) ("An attorney's giving false testimony under oath, by itself, can justify disbarment").

Here the respondent had much more than that solitary violation; as the board wrote, "[h]e spoke and wrote numerous lies in three separate matters."  And on top of the repeated

instances of deceit, the respondent's conduct established an array of other violations which, though varying in severity, must be accounted for, as must the aggravating factors.  See Matter of Kerlinsky, 428 Mass. 656, 666 (1999) ("The cumulative effect of these violations further supports our conclusion that an additional period of suspension is appropriate," resulting in a three-year suspension).  See also Matter of O'Donnell, 23 Mass. Att'y Disc. Rep. 508, 514, n.3 (2007) (false testimony under oath alongside misuse of client funds justified indefinite suspension); Matter of Early, 21 Mass. Att'y Disc. Rep. 220, 226 (2005) (three-year suspension for numerous violations including misrepresentation made under oath).  I therefore conclude that the board's recommended sanction of a three-year suspension is appropriate, given the seriousness and extent of the respondent's misconduct.

Upon consideration, it is hereby **ORDERED** that,

1.    David Glenn Baker is hereby suspended from the practice of law in the Commonwealth of Massachusetts for a period of three (3) years.  In accordance with S.J.C. Rule 4:01, § 17(3), the suspension shall be effective thirty (30) days after the date of the entry of this Order.  The lawyer, after the entry of this Order, shall not accept any new retainer or engage as a lawyer for another in any new case or legal matter of any nature. During the period between the entry date of this

Order and its effective date, however, the lawyer may wind up and complete, on behalf of any client, all matters which were pending on the entry date.

It is **FURTHER ORDERED** that:

2.    Within fourteen (14) days of the date of entry of this Order, the lawyer shall:

a)  file a notice of withdrawal as of the effective date of the suspension with every court, agency, or tribunal before which a matter is pending, together with a copy of the notices sent pursuant to paragraphs 2(c) and 2(d) of this Order, the client's or clients' place(s) of residence, and the case caption and docket number of the client's or clients' proceedings;

b)  resign as of the effective date of the suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary, attaching to the resignation a copy of the notices sent to the wards, heirs, or beneficiaries pursuant to paragraphs 2(c) and 2(d) of this Order, the place of residence of the wards, heirs, or beneficiaries, and the case caption and docket number of the proceedings, if any;

c)  provide notice to all clients and to all wards, heirs, and beneficiaries that the lawyer has been suspended; that he is disqualified from acting as a lawyer

8

after the effective date of the suspension; and that, if
not represented by co-counsel, the client, ward, heir, or
beneficiary should act promptly to substitute another
lawyer or fiduciary or to seek legal advice elsewhere,
calling attention to any urgency arising from the
circumstances of the case;

d)   provide notice to counsel for all parties (or, in
the absence of counsel, the parties) in pending matters
that the lawyer has been suspended and, as a consequence,
is disqualified from acting as a lawyer after the effective
date of the suspension;

e)   make available to all clients being represented
in pending matters any papers or other property to which
they are entitled, calling attention to any urgency for
obtaining the papers or other property;

f)   refund any part of any fees paid in advance that
have not been earned; and

g)   close every IOLTA, client, trust or other
fiduciary account and properly disburse or otherwise
transfer all client and fiduciary funds in his possession,
custody or control.

All notices required by this paragraph shall be served by
certified mail, return receipt requested, in a form approved by
the Board.

3.   Within twenty-one (21) days after the date of entry of

this Order, the lawyer shall file with the Office of the Bar Counsel an affidavit certifying that the lawyer has fully complied with the provisions of this Order and with bar disciplinary rules.  Appended to the affidavit of compliance shall be:

> a) a copy of each form of notice, the names and addresses of the clients, wards, heirs, beneficiaries, attorneys, courts and agencies to which notices were sent, and all return receipts or returned mail received up to the date of the affidavit.  Supplemental affidavits shall be filed covering subsequent return receipts and returned mail.  Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the lawyer or ordered by the court;

> b)  a schedule showing the location, title and account number of every bank account designated as an IOLTA, client, trust or other fiduciary account and of every account in which the lawyer holds or held as of the entry date of this Order any client, trust or fiduciary funds;

> c)  a schedule describing the lawyer's disposition of all client and fiduciary funds in the lawyer's possession, custody or control as of the entry date of this Order or thereafter;

> d)  such proof of the proper distribution of such

10

funds and the closing of such accounts as has been requested by the bar counsel, including copies of checks and other instruments;

    e)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice;

    f)  the residence or other street address where communications to the lawyer may thereafter be directed; and

    g)  any and all bar registration cards issued to the lawyer by the Board of Bar Overseers.

The lawyer shall retain copies of all notices sent and shall maintain complete records of the steps taken to comply with the notice requirements of S.J.C. Rule 4:01, § 17.

    4.  Within twenty-one (21) days after the entry date of this Order, the lawyer shall file with the Clerk of the Supreme Judicial Court for Suffolk County:

    a)  a copy of the affidavit of compliance required by paragraph 3 of this Order;

    b)  a list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

    c)  the residence or other street address where communications to the lawyer may thereafter be directed.

11

By the Court, (Kafker, J.)

_____
Allison S. Cartwright, Clerk


Dated: January 14, 2025